UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY RUSSELL YBARRA,

        Plaintiff,

  v.                                          CAUSE NO. 3:19-CV-971-DRL-MGG

T. JOHNSON *et al.*,

        Defendants.

## OPINION & ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed a complaint. A "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Ybarra alleges that, on June 28, 2019, he was locked in his cell at the Indiana State Prison, and Lieutenant Lott ordered correctional staff not to open his cell for any reason. Later, Officer Johnson arrived at the cell and became angry after arguing with Mr. Ybarra. Officer Johnson asked Officer Rice to open the door. When Officer Rice acquiesced, Officer Johnson forced Mr. Ybarra to the floor, causing injuries to Mr. Ybarra's arm, shoulder, and face. Lieutenant Lott arrived with other officers but refused to report the incident.

Mr. Ybarra asserts an Eighth Amendment claim against Officer Johnson for using excessive force and against Officer Rice for failing to intervene. The "core requirement" for an excessive force

claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so could be held liable under § 1983." *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004). Albeit at the pleading stage, the complaint states plausible Eighth Amendment claims against Officer Johnson for excessive force and Officer Rice for failing to intervene.

Mr. Ybarra also asserts an Eighth Amendment claim against Lieutenant Lott for failing to protect him by allowing the incident to occur and by not reporting the incident. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). The complaint contains no indication that Lieutenant Lott was aware that Officer Johnson posed any risk to Mr. Ybarra's safety before the assault or had any opportunity to intervene. Further, though Lieutenant Lott later learned of the assault, the complaint doesn't suggest that there was a substantial risk of another assault but instead suggests that the assault was an isolated incident. Therefore, Mr. Ybarra may not proceed against Lieutenant Lott.

Mr. Ybarra names the Indiana Department of Correction as a defendant. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Department of Correction, as well as to the State. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but the State of Indiana has not. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Therefore, Mr. Ybarra may not proceed against this defendant.

Finally, Mr. Ybarra seeks an order not to be transferred in retaliation for filing this complaint, alleging that this is a known practice at the Indiana State Prison. Here, the complaint offers no suggestion as to how a transfer constitutes irreparable harm or an event that would likely deter him from engaging in further First Amendment activity. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). Moreover, the court finds that such an order is unnecessary because this complaint has been pending for six months without Mr. Ybarra notifying the court of a change of address that would suggest a transfer. Further, Mr. Ybarra has represented that he has been at Indiana State Prison since September 2016, and he has filed multiple lawsuits since that time, without such a transfer occurring. *See, e.g., Ybarra v. Wexford Medical*, 3:18-cv-404 (N.D. Ind. filed May 30, 2018); *Ybarra v. Indiana Dept. of Correction*, 3:19:cv-105 (N.D. Ind. filed Feb. 19, 2019); *Ybarra v. Indiana Dept. of Correction*, 3:19-cv-343 (N.D. Ind. filed May 1, 2019). The court consequently declines such an order against transfer.

For these reasons, the court:

(1) GRANTS Randy Russell Ybarra leave to proceed on an Eighth Amendment claim of excessive force against Officer Johnson for allegedly using excessive force on June 28, 2019;

(2) GRANTS Randy Russell Ybarra leave to proceed on an Eighth Amendment claim against Officer Rice for allegedly failing to intervene when Officer Johnson used excessive force on June 28, 2019;

(3) DISMISSES Lieutenant Lott and the Indiana Department of Correction;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Johnson and Officer Rice at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Johnson and Officer Rice to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Randy Russell Ybarra has been granted leave to proceed in this screening order.

SO ORDERED.

May 13, 2020

*s/ Damon R. Leichty*
Judge, United States District Court