UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY RUSSELL YBARRA,

    Plaintiff,

v.

T. JOHNSON, and RICE,

    Defendants.

CAUSE NO. 3:19-CV-971 DRL-MGG

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, is proceeding in this case on Eighth Amendment claims against two defendants: "against Officer Johnson for allegedly using excessive force on June 28, 2019" and "against Officer Rice for allegedly failing to intervene when Officer Johnson used excessive force on June 28, 2019." ECF 4 at 4. Officer Rice filed a motion for summary judgment. ECF 34. Mr. Ybarra filed a response and Officer Rice filed a reply. ECF 40, 41.

BACKGROUND

On June 28, 2019, Mr. Ybarra was housed on the second floor of the Protective Custody Unit (PCU) in the C-Block of Indiana State Prison. ECF 36-1 at 19, 22, 38. Outside of Mr. Ybarra's cell were steps leading down to the officer's cage. *Id.* at 22-23. The officer's cage consists of a desk and a computer screen closed in with a mesh cage so that offenders cannot get in. *Id.* at 23. Because the PCU is loud and Mr. Ybarra's cell is located near four industrial fans, Mr. Ybarra had to yell down to the correctional officers on duty to be heard. *Id.* at 22, 32, 38-39.

At the time of the incident, Officer Johnson and Officer Rice were the only two correctional officers on duty at the PCU. *Id.* at 23. Both officers were making security walks throughout the day. *Id.* at 24. At some point, Officer Rice walked by Mr. Ybarra's cell and believed that Mr. Ybarra said something to her. *Id.* Officer Rice responded by telling Mr. Ybarra that he "better watch [his] mouth." *Id.* Shortly afterwards, Officer Johnson came up to Mr. Ybarra's cell and told Mr. Ybarra to be quiet. *Id.* at 23-25. Mr. Ybarra responded that he could say whatever he wanted and asked Officer Johnson, "[w]hat are you going to do, beat me up or something?" *Id.* at 25-26. Officer Johnson "sped off," but returned to Mr. Ybarra's cell shortly afterwards and exchanged more words with Mr. Ybarra. *Id.* at 25. Officer Johnson again left Mr. Ybarra's cell before returning a third time. *Id.* at 25, 31-32.

On the third occasion that Officer Johnson came to Mr. Ybarra's cell, Officer Johnson told Mr. Ybarra to step back from his cell door. *Id.* at 40. Mr. Ybarra responded that the toilet had overflowed in his cell. *Id.* Mr. Ybarra stepped back from his cell door momentarily, but then returned to the cell door. *Id.* After exchanging more words with Mr. Ybarra, Officer Johnson began to walk back down the steps, but Mr. Ybarra was still "mumbling stuff" in his cell and asked Officer Johnson "[w]hat, are you going to come and beat me up or something?" *Id.* at 32. Officer Johnson then walked up to Mr. Ybarra's cell door and they "got into a little staring match" through the bars. *Id.* Mr. Ybarra was not taking the interaction seriously and did not believe that Officer Johnson would assault him. *Id.* at 31, 41. Mr. Ybarra told Officer Johnson that he was not intimidated by him. *Id.* at 41. Mr. Ybarra then heard Officer Johnson yell down to Officer Rice in the officer's cage to "roll the door open," meaning to open Mr. Ybarra's cell door. *Id.* at 26-27, 41. The only

2

statement Mr. Ybarra heard Officer Johnson make to Officer Rice was to roll the door. *Id.* at 31. Mr. Ybarra did not hear Officer Johnson tell Officer Rice he was going to hurt or assault Mr. Ybarra. *Id.*

Once the cell door opened, Officer Johnson entered Mr. Ybarra's cell, forced him to the floor, got on top of him, and placed him in handcuffs.[1] *Id.* at 42. The use of force lasted approximately 35 seconds. *Id.* at 42. Officer Rice remained in the officer's cage. *Id.* at 43. Officer Johnson then brought Mr. Ybarra downstairs and sat him on a chair outside of the officer's cage. *Id.* at 45. Mr. Ybarra believed that Officer Rice should have refused to open the door for Officer Johnson because Mr. Ybarra had been told by Lieutenant Lott earlier that day he was on "keylock," meaning that he should be kept locked in his cell. *Id.* at 43-44.

## STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not

---

[1] For the purposes of ruling on this summary judgment motion, the court assumes, without deciding, that Officer Johnson used excessive force against Mr. Ybarra.

rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

DISCUSSION

State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable for failure to intervene. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). A bystander officer may be held liable for the excessive force of another officer if the bystander officer: "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

Officer Rice argues that summary judgment is warranted because the undisputed facts show that she did not fail to intervene.[2] ECF 35 at 6. Here, it is undisputed that: (1) Officer Rice was downstairs in the officer's cage during the altercation between Officer Rice and Mr. Ybarra; (2) Officer Rice's only involvement was to open Mr. Ybarra's cell door at Officer Johnson's request; (3) Officer Johnson did not inform Officer Rice that he

---

[2] Officer Rice alternatively argues that she is entitled to qualified immunity, but the court need not reach this issue.

4

intended to use physical force on Mr. Ybarra; and (4) Mr. Ybarra was not taking his interaction with Officer Johnson seriously and did not believe that Officer Johnson would use physical force on him. Based on these undisputed facts, there is no evidence by which a reasonable factfinder could conclude that Officer Rice knew that Officer Johnson would use excessive force on Mr. Ybarra and that she had a realistic opportunity to intervene to prevent the use of force from occurring. *See Lewis*, 581 F.3d at 47.

Mr. Ybarra raises two arguments in response. First, Mr. Ybarra argues that Officer Rice should not have opened his cell door for Officer Johnson because Lt. Lott had put him on "keylock" earlier that day. ECF 40 at 4-8. However, Mr. Ybarra has not provided any evidence in support of this argument. *See Goodman*, 621 F.3d at 654; *Trade Fin. Partners, LLC*, 573 F.3d at 407. Specifically, even accepting as true that Lt. Lott put Mr. Ybarra on keylock earlier that day, Mr. Ybarra has offered no evidence that (1) Officer Rice knew that Mr. Ybarra had been put on keylock, or (2) it was improper for Officer Rice to open Mr. Ybarra's cell at Officer Johnson's request. Mr. Ybarra states that Officer Rice "should have called a supervisor to get authorization to open cell of plaintiff as ordered by Lt. Lott," but he has not provided any evidence in support of this statement. *See* ECF 40 at 2. Moreover, even if Officer Rice did violate the prison's policy by opening Mr. Ybarra's cell door, this does not demonstrate that Officer Rice knew that opening the door would lead to a constitutional violation.

Second, Mr. Ybarra argues that Officer Rice should have known that Officer Johnson was going to use excessive force once she opened the cell door because Officer Rice had watched on the computer monitor as Officer Johnson had walked up to Mr. Ybarra's cell door three times and stared at him through the cell door with aggressive body language. ECF 40

at 4-6. Mr. Ybarra asserts that "any lay person" would have observed the aggression in Officer Johnson's demeanor. *Id.* at 4. However, the fact that Officer Johnson walked up to Mr. Ybarra's cell door three times, conversed with Mr. Ybarra, and stared at Mr. Ybarra through the cell door did not put Officer Rice on notice that Officer Johnson would use excessive force on Mr. Ybarra. There is no evidence that Officer Rice heard any of the conversations between Officer Johnson and Mr. Ybarra. Moreover, Mr. Ybarra's assertions regarding Officer Johnson's body language are belied by his deposition testimony, as Mr. Ybarra testified that he was not taking his interaction with Officer Johnson seriously and that he did not believe that Officer Johnson would use force on him.

Thus, summary judgment is warranted in favor of Officer Rice. Because Officer Johnson has not moved for summary judgment, Mr. Ybarra may proceed on his claim against that defendant.

For these reasons, the court:

(1) GRANTS Officer Rice's summary judgment motion (ECF 34);

(2) DISMISSES Randy Ybarra's claim against Officer Rice with prejudice; and

(3) REMINDS the parties Randy Ybarra is proceeding in this case only on the remaining claim against Officer Johnson.

SO ORDERED.

June 7, 2021                                               *s/ Damon R. Leichty*
                                                           Judge, United States District Court